JULIANA G. YATES, Petitioner v. BOBBY RAY DOWLESS, Respondent

No. 8826DC1190

(Filed 16 May 1989)

**Divorce and Alimony § 24.10; Parent and Child § 7— disabled adult children—no obligation of parent to support—child support order improper**

There is no longer a statutory obligation on the part of parents to support their disabled adult children, and the trial court therefore erred in ordering respondent to pay "continuing ongoing child support without regard to the child's chronological age." N.C.G.S. § 50-13.8.

APPEAL by respondent from *Elkins, Judge.* Order entered 18 July 1988 in District Court, MECKLENBURG County. Heard in the Court of Appeals 10 May 1989.

This is a civil action wherein petitioner, mother moved the court to require respondent, father to continue to pay child support for their mentally retarded son, Jason Scott Dowless. Petitioner also moved for an increase in the child support payments from $400.00 per month to $600.00 per month. Both motions were allowed, and respondent was ordered to pay $600.00 per month "continuing ongoing child support without regard to the child's chronological age." Respondent appealed.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General T. Byron Smith, and Associate Attorney General Bertha Fields, for the petitioner, appellee.*

*Thomas R. Cannon and Amy L. McGrath for respondent, appellant.*

HEDRICK, Chief Judge.

The sole question presented on this appeal is whether respondent is obligated to support his son, Jason, beyond 3 November 1989, Jason's twentieth birthday. In an earlier order, respondent agreed to support Jason until he graduates from high school or reaches the age of 20.

The common law of this state was that a father was under a legal obligation to continue to support a child who, before and

after reaching majority, was and continued to be insolvent, unmarried, and incapable, mentally or physically, of earning a livelihood. *Wells v. Wells*, 227 N.C. 614, 44 S.E. 2d 31 (1947). In 1967, the General Assembly enacted G.S. 50-13.8 which provided:

> *Custody and Support of Persons Incapable of Self-Support Upon Reaching Majority.* For the purposes of custody and support, the rights of a person who is mentally or physically incapable of self-support upon reaching his majority shall be the same as a minor child for so long as he remains mentally or physically incapable of self-support.

In 1971, the General Assembly, by Section 3 of Session Laws 1971, c. 218, added a proviso to G.S. 50-13.8 which exempted parents from liability for charges made by a facility owned or operated by the Department of Natural Resources for the care of their children who were long-term patients. In 1979, G.S. 50-13.8 was amended to read as follows:

> *Support of persons incapable of self-support upon reaching majority.* For the purposes of custody, the rights of a person who is mentally or physically incapable of self-support upon reaching his majority shall be the same as a minor child for so long as he remains mentally or physically incapable of self-support.

The State, in its brief, readily concedes that there is no longer a statutory obligation on the part of parents to support their disabled adult children. However, the State argues that the intention of the legislature in amending G.S. 50-13.8 was not to relieve a parent of the obligation to support an adult child who is mentally or physically incapable of self-support. "When the language of a statute is clear and unambiguous, there is no room for judicial construction and the courts must give the statute its plain and definite meaning, and are without power to interpolate, or superimpose, provisions and limitations not contained therein." *In re Banks*, 295 N.C. 236, 239, 244 S.E. 2d 386, 388-389 (1978). "It is always presumed that the legislature acted with care and deliberation and with full knowledge of prior and existing law." *State v. Benton*, 276 N.C. 641, 658, 174 S.E. 2d 793, 804 (1970).

In light of the plain and definite meaning found in G.S. 50-13.8, we hold the trial judge erred in ordering respondent to pay "contin-

**YATES v. DOWLESS**

[93 N.C. App. 787 (1989)]

uing ongoing child support without regard to the child's chronological age," and that portion of the order will be reversed.

Reversed.

Judges ARNOLD and WELLS concur.