STATE OF NORTH CAROLINA AND DORIS BENFIELD, PLAINTIFF v. FRANK WILLIAM BENFIELD, DEFENDANT

No. 8824DC1390

(Filed 5 September 1989)

**Divorce and Alimony § 24.10; Parent and Child § 7.2— emancipated child—termination of child support**

The trial court erred in a civil contempt proceeding by finding that defendant was in arrears for $500 for the support of his son and in contempt for failure to provide hospital insurance for his son where the son was 18 years old, had graduated from high school, had a part-time job, and was attempting to raise money to go to college. The result remains the same even assuming arguendo that plaintiff's evidence is sufficient to show that the son is physically or mentally incapable of self-support because there is no longer a statutory obligation in North Carolina for parents to support their disabled adult children.

STATE v. BENFIELD

[95 N.C. App. 451 (1989)]

APPEAL by defendant from *Ginn, Judge.* Order entered 24 August 1988 in District Court, AVERY County. Heard in the Court of Appeals 23 August 1989.

On the motion of plaintiff, Doris Benfield, a hearing for civil contempt was held before Judge Ginn. Plaintiff alleged defendant was in arrearage for child support payments, that defendant had not provided insurance coverage for their son, and that defendant had not paid all existing medical bills for their son, James LaRue Benfield, as required by a previous order entered 7 December 1987. Defendant claimed that his child support obligations had terminated since his son had reached 18 years of age on 17 May 1988 and had graduated from high school on 5 June 1988.

The trial court found that defendant owed a total of $500.00 in child support for the months of July and August 1988. The court then ordered defendant jailed for 30 days for civil contempt for failure to provide an adequate insurance policy for James. The court further ordered that defendant could purge himself of the contempt by showing the court that he had obtained an adequate insurance policy covering James, by paying off the arrearage in child support, and paying $250.00 for plaintiff's attorney's fees. Defendant appealed.

*No brief for plaintiffs, appellees.*

*McMurray, McMurray & Alexander, by John H. McMurray, for defendant, appellant.*

HEDRICK, Chief Judge.

Defendant argues the trial court "erred in finding as a fact that defendant was in arrears in the amount of $500.00 for the support of his son" and in holding defendant in contempt for failure to provide hospital insurance for his son. We agree.

G.S. 50-13.4(c) in pertinent part provides:

Payments ordered for the support of a child shall terminate when the child reaches the age of 18 except:

. . .

(2) If the child is still in primary or secondary school when he reaches age 18, the court in its discretion may order support payments to continue until he graduates, otherwise ceases to

STATE v. BENFIELD

[95 N.C. App. 451 (1989)]

attend school on a regular basis, or reaches age 20, whichever comes first.

Plaintiff's testimony offered at the hearing shows that James is 18 years old, has graduated from high school, has a part-time job, and is attempting to raise money to go to college. Plaintiff further testified that James is "not a normal eighteen (18) year old" since he was involved in a wreck. Plaintiff stated that after the wreck, James has "a real hard time concentrating," walks with a limp, tires easily, and cannot bend over.

The evidence, affirmatively disclosed by the record, shows that pursuant to G.S. 50-13.4(c)(2), defendant was relieved of any obligation to support his son James after his graduation from high school on 5 June 1988. Assuming, *arguendo*, plaintiff's evidence is sufficient to show that James is physically or mentally incapable of self-support, the result remains the same. In North Carolina, there is no longer a statutory obligation for parents to support their disabled adult children. *See Yates v. Dowless*, 93 N.C. App. 787, 379 S.E.2d 79, 80 (1989); G.S. 50-13.8. Thus, we hold the trial court was without authority to order defendant to pay child support arrearages of $500.00 for the months of July and August 1988, and the court was also without authority to hold defendant in contempt for failing to provide "an adequate insurance policy covering the child. . . ." This order will be reversed.

Reversed.

Judges ORR and LEWIS concur.